# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

PETER OWENS, II,

                Plaintiff,

v.                                           Case No. 2:23-cv-258-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

                Defendant.

_____

## OPINION AND ORDER[2]

### I. Status

        Peter Owens, II ("Plaintiff") is appealing the Commissioner of the Social

Security Administration's ("SSA('s)") final decision denying his claims for

disability insurance benefits ("DIB") and supplemental security income

("SSI"). Plaintiff's alleged inability to work is the result of chronic pain from a

"multi level disc problem" in his back," depression, anxiety, and concentration

---

[1]       Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed June 27, 2023; Endorsed Order (Doc. No. 13), entered June 28, 2023.

issues. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed June 8, 2023, at 140, 160-61.[3]

On November 16, 2006, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of June 17, 2005 in the DIB application and January 1, 2002 in the SSI application. Tr. at 89-93 (DIB), 94-100 (SSI). The applications were denied initially, Tr. at 51, 56-58, 59 (DIB), 52, 55, 60-62 (SSI), and upon reconsideration, Tr. at 53, 66-67, 68 (DIB), 54, 65, 69-70 (SSI).

On December 15, 2009, an Administrative Law Judge ("ALJ") (Spurlin[4]) held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel. See Tr. at 30-49. The ALJ issued a decision on January 4, 2010 finding Plaintiff not disabled through the date of the decision. Tr. at 15-25. Plaintiff sought review of the decision by the Appeals Council and submitted a brief and additional medical evidence in support of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 267-69 (evidence), 10 (request for review via letter), 167-70 (brief). On September 22, 2010, the

---

[3]      Some of the cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4]      Because there have been multiple ALJs in this matter, the undersigned notes the last name of the ALJ each time a new ALJ was assigned.

Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court on October 15, 2010. See Complaint (Doc. No. 1), Case No. 2:10-cv-632-DNF. On March 15, 2012, the Court entered an Opinion and Order affirming the Commissioner's final decision. Tr. at 489-506; see Tr. at 487 (Judgment). Plaintiff then appealed this Court's determination to the United States Court of Appeals for the Eleventh Circuit. See Tr. at 508. On January 28, 2013, the Eleventh Circuit issued a per curiam opinion vacating and remanding this Court's Opinion and Order. Tr. at 508-14.

On remand to the Administration, the Appeals Council on March 12, 2013 entered an Order vacating the final decision and remanding the matter to an ALJ. Tr. at 518. In so doing, the Council recognized that Plaintiff had on March 23, 2010 filed a subsequent claim for SSI, and had been found to be disabled as of March 1, 2010. Tr. at 518. The Council wrote that its action in remanding the matter "does not affect that determination and it remains in effect." Tr. at 518.

On October 28, 2013, another ALJ (Butler) held a hearing, during which he heard from Plaintiff, who was represented by counsel. Tr. at 390-422. The ALJ recognized that Plaintiff had been awarded benefits as of March 1, 2010 so the relevant time period for consideration on remand was the alleged onset

- 3 -

date of June 17, 2005 through March 1, 2010 when Plaintiff was found to be disabled in relation to another claim. Tr. at 392. On November 7, 2014, the ALJ issued a decision finding Plaintiff was not disabled during the period of June 17, 2005 through March 1, 2010. Tr. at 523-36. Plaintiff sought review of the decision by the Appeals Council. Tr. at 602-08. On August 26, 2015, the Appeals Council assumed jurisdiction and again remanded the matter to an ALJ for resolution of outstanding issues relating mainly to Plaintiff's mental impairments. Tr. at 544-46.

The ALJ held a hearing on November 18, 2016, taking testimony from Plaintiff (still represented by counsel and by this time, forty-seven (47) years old) and a vocational expert ("VE"). Tr. at 423-61, 427. Although unclear why, on July 14, 2017, another ALJ (Allen) held a hearing,[5] during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 352-89. At the time, Plaintiff was forty-eight (48) years old. Tr. at 360. On September 6, 2017, the ALJ issued a decision finding Plaintiff not disabled from June 17, 2005 through February 28, 2010. Tr. at 280-91. Plaintiff requested review of the decision by the Appeals Council and submitted a brief in support of the request. Tr. at 274-75 (exhibit list and order), 641-47 (brief). On August 15, 2019, the Appeals Council declined to

---

[5]     This hearing was held via videoconference. Tr. at 354.

assume jurisdiction, Tr. at 270-73, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court. See Complaint (Doc. No. 1), Case No. 2:19-cv-723-MRM. On January 21, 2021, this Court entered an Order reversing and remanding the Commissioner's final decision with instructions to "fully evaluate Dr. Visser's medical opinion and state with particularity the weight given." Tr. at 1173, 1159-73; see also Tr. at 1175 (Judgment).

On August 27, 2021, the Appeals Council entered an Order remanding the matter to an ALJ consistent with the Court's instructions. Tr. at 1127. The Appeals Council noted that Plaintiff had been receiving SSI "based on an application filed on March 23, 2010" and so the Council's action "d[id] not affect that determination and it remain[ed] in effect." Tr. at 1127.

On February 1, 2022, Plaintiff's counsel sent the ALJ correspondence stating that Plaintiff was "withdraw[ing] his claim for Title XVI benefits through February 28, 2010, but [was] not waiving his entitlement awarded from March 1, 2010 forward." Tr. at 1415. Another ALJ (Northington) held a

hearing on February 2, 2022,[6] during which she heard from Plaintiff (who remained represented by counsel) and a VE. Tr. at 1078-1124. On April 20, 2022, the ALJ issued a decision finding with respect to Plaintiff's DIB application that Plaintiff was not disabled from June 17, 2005 through the date last insured of December 2007, and finding with respect to the SSI application that Plaintiff was not disabled through February 28, 2010, the month prior to the date Plaintiff was approved for SSI.[7] Tr. at 1212, 1180-1213.

Plaintiff sought review by the Appeals Council. Tr. at 1299-1307. On August 4, 2022, the Appeals Council assumed jurisdiction and again remanded the case to an ALJ for further proceedings, particularly regarding Dr. Visser's opinion. Tr. at 1223-25. The ALJ held a hearing on January 30, 2023, during which she heard from Plaintiff (who remained represented by counsel) and a VE. Tr. at 1057-77. Plaintiff at some point amended his alleged disability onset date to November 1, 2002. See Tr. at 1013.

Because Plaintiff had withdrawn his claim for Title XVI (SSI) benefits through February 28, 2010, the ALJ determined that the relevant period

---

[6]    This hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 1080, 1263-64.

[7]    The ALJ recognized Plaintiff had waived his SSI claim but made findings relating to it "in an abundance of caution." Tr. at 1181.

under consideration was November 1, 2002 through the date last insured of December 31, 2007. Tr. at 1014. The ALJ issued a Decision on February 28, 2023 finding Plaintiff was not disabled from November 1, 2002 through the date of the Decision.[8] Tr. at 1011-48. On April 17, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff first challenges the ALJ's handling of the opinions of Kenneth A. Visser, Ph.D., a consultative psychologist whose opinions have been the subject of remand proceedings. See Plaintiff's Memorandum (Doc. No. 21; "Pl.'s Mem."), filed August 11, 2023, at 13-26. According to Plaintiff, the ALJ "again failed to properly evaluate the opinions of Dr. Visser . . . whose opinions are consistent with the evidence from [Plaintiff's] treating providers. Id. at 13 (emphasis and capitalization omitted). Second, Plaintiff argues the ALJ erred in evaluating the "mental health evidence of record" because it "does not 'strongly support' the ALJ's mental RFC assessment as repeatedly claimed." Id. at 26; see id. at 26-29. Plaintiff contends the Court should

---

[8]    It is unclear why the ALJ found Plaintiff as not disabled through the date of the Decision, rather than through the date last insured of December 31, 2007. Regardless, the ALJ's Decision makes clear she was aware of the relevant timeframe under consideration and did not intend to disturb Plaintiff's March 2010 award of SSI benefits. See Tr. at 1011-48.

remand for an award of benefits given the tortured procedural history of the matter and the 16 years that have passed while the claim at issue was being adjudicated. Id. at 2. On October 17, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem."), responding to Plaintiff's arguments. Then, on December 5, 2023, Plaintiff's Reply Brief (Doc. No. 32; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

economy. 20 C.F.R. § 404.1520; <u>see also</u> <u>Simon v. Comm'r, Soc. Sec. Admin.</u>, 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. <u>See</u> Tr. at 1018-47. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 1, 2002, the amended alleged onset date." Tr. at 1018 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: cervical, thoracic, and lumbar degenerative disc disease, anxiety with social phobia, and depression." Tr. at 1018 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1021 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [F]rom November 1, 2002, through December 31, 2007, [Plaintiff was] limited to Light work that includes the ability to occasionally lift and/or carry up to 20 pounds as defined in the regulations, as well as, lift and/or carry 10 pounds frequently. This includes sedentary work as defined in the regulations. [Plaintiff] has no limits for sitting in an eight-hour workday. He is capable of

standing and/or walking for six hours in an eight-hour workday. In the course of work, [Plaintiff] should be allowed the ability to optionally alternate between sitting and standing about every 30 to 60 minutes, but such would not cause [Plaintiff] to be off-task or cause [Plaintiff] to leave work-station. [Plaintiff] is able to perform all postural functions except no crawling and no climbing of ladders, ropes, and scaffolds. He is limited to occasional kneeling. [Plaintiff] is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that could cause harm to self or others. No work with vibratory tools or equipment. Secondary to potential COPD and despite the tobacco dependence, [Plaintiff] is to avoid concentrated exposure to respiratory irritants such as fumes, odors, smoke, gases, and poor ventilation. [Plaintiff] is to avoid concentrated exposure to extremes of heat, humidity, or cold temperatures. Secondary to mental impairments, [Plaintiff] retains the capacity to understand, remember, and carry-out simple instructions and perform simple, routine tasks as consistent with unskilled work. [Plaintiff] can still make judgments regarding simple work-related decisions. [Plaintiff] can respond appropriately to routine, usual work situations and deal with routine changes in a routine work setting. In the course of work, [Plaintiff] is to have no in-person contact with the public with the exception that incidental contact and telephonic contact is not precluded. [Plaintiff] is to have only occasional contact with coworkers and supervisors, occasional being defined as occasional interaction and coordination, but not necessarily proximity to the same.

Tr. at 1025-26 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as an "Asphalt Paving Machine Operator," and a "Roofer Helper, classified as Construction Worker II." Tr. at 1045-46 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("36 years old . . . on the alleged disability

onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 1046 (some emphasis omitted), such as "Office Helper," "Routing Clerk," "Cuff Folder," "Document Preparer," and "Sack Repairer," Tr. at 1047. The ALJ concluded Plaintiff "has not been under a disability . . . from November 1, 2002, through the date of th[e D]ecision." Tr. at 1047 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It

is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff first argues the ALJ "again" failed to properly evaluate the opinions of Dr. Visser, a consultative psychologist. Pl.'s Mem. at 13. Second, Plaintiff contends that, contrary to the ALJ's finding, the assigned RFC is not "strongly support[ed]" by the mental health evidence. Id. at 26. Plaintiff particularly asserts that limitations in attention, concentration, and persistence were not accounted for by the ALJ. Id. at 27. Moreover, according to Plaintiff, the ALJ did not account sufficiently for the difficulties in interacting with others. Id. at 28. Responding, Defendant argues the ALJ adequately determined that Dr. Visser's opinions were only due partial weight. Def.'s Mem. at 7-14; see Tr. at 1043. As for the mental RFC finding, Defendant contends that it adequately accounted for Plaintiff's general level of functioning. Def.'s Mem. at 14-15.

The undersigned, considering Plaintiff's second argument, finds that the ALJ's assigned mental RFC does not adequately account for the objective evidence on the matter. As for Dr. Visser's opinions, the ALJ purportedly rejected aspects of them by assigning them only partial weight. In the RFC findings, however, the ALJ indicated she had taken into account all of Dr. Visser's objective examination findings (discussed in detail below). Because the ALJ did not actually take into account all of these findings in the RFC determination, the undersigned need not determine whether the ALJ's reasons for assigning partial weight to Dr Visser's opinions are supported (Plaintiff's first issue). The matter is due to be remanded for additional consideration—on remand, the Administration should reevaluate Dr. Visser's opinions as appropriate.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir.

2021) (citing <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1268 (11th Cir. 2019)); <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the mental health evidence includes notes from Gerald M. Abraham, M.D., who treated Plaintiff for psychiatric issues from August 5, 2006 through March 3, 2007. Tr. at 178-83, 253-66. Dr. Abraham's notes often document agitation, irritability, frustration, mood swings, distrust, easy confusion, and Plaintiff repeating himself. Tr. at 178-83, 253-66.

Dr. Visser on February 28, 2007 conducted a clinical evaluation of Plaintiff. Tr. at 184-88. Dr. Visser noted Plaintiff is "angry, at times very despairing." Tr. at 184. As part of the evaluation summary, Dr. Visser specifically noted Plaintiff had "problems with concentration" on simple mathematical testing. Tr. at 187; <u>see</u> Tr. at 188. Dr. Visser wrote that Plaintiff's "ability to interact socially[] is limited because of his high degree of frustration, which causes agitation." Tr. at 188.

On December 3, 2007, Dr. Visser again evaluated Plaintiff. Tr. at 218-22. Dr. Visser noted that after the February evaluation, Plaintiff's "contact with the Workers Compensation doctor has been severed, and he has been unable to get his medications." Tr. at 218. According to Dr. Visser, the lack of medication "has created additional physical and emotional difficulties for

him." Tr. at 218. Dr. Visser described Plaintiff's mood as "definitely angry with a sense of hopelessness, and a fear of the future." Tr. at 220. Dr. Visser found that "[a]t this point, [Plaintiff's] behavior is described as <u>becoming unmanageable</u>." Tr. at 220. Dr. Visser expanded: "His anger and frustration have interfered with his ability to relate, pleasantly, to those around him." Tr. at 220. As for concentration, Dr. Visser noted "[s]ome concentration problems were evident." Tr. at 222. Moreover, found Dr. Visser, Plaintiff's "ability to socialize and to interact socially is definitely affected by his agitation" and "could cause others to become defensive quickly." Tr. at 222.

This Court, in its January 21, 2021 Order reversing and remanding a previous final decision of the Commissioner, gave instructions to "fully evaluate Dr. Visser's medical opinion and state with particularity the weight given." Tr. at 1173, 1159-74. During the remand proceedings that ultimately led to the ALJ's instant Decision, the Appeals Council made various findings that are relevant here:

> Dr. Visser's findings in the February 2007 evaluation noted that [Plaintiff's] ability to interact socially was limited because of his high degree of frustration, which causes agitation and his judgement and insight (his perception that he is a victim of an insensitive society) definitely affects his way of relating to others. Additionally, Dr. Visser noted in his December 2007 evaluation that [Plaintiff's] behavior was described as becoming unmanageable because his anger and frustration have interfered with his ability to relate, pleasantly, to those around him. Dr. Visser further

found [Plaintiff's] ability to socialize and interact socially and to interact socially is definitely affected by his agitation and that would cause others to become defensive quickly. [A prior ALJ's d]ecision did not address these social findings and other findings related to the paragraph B domains where Dr. Visser noted limitations in attention, concentration, judgement, insight, persistence, and adaptability. The decision specifically indicated that Dr. Visser's opinions were inconsistent with treatment records from [Plaintiff's] treating source Dr. Gerald Abraham, M.D., but treatment notes from Dr. Abraham showed consistent evidence of [Plaintiff's] mental status observed as depressed, angry, irritable, anxious, and pressured with mood swings. Further consideration should be given to this opinion evidence.

Tr. at 1223-24 (citations omitted).

The ALJ, on remand, assessed a mental RFC as follows:

Secondary to mental impairments, [Plaintiff] retains the capacity to understand, remember, and carry-out simple instructions and perform simple, routine tasks as consistent with unskilled work. [Plaintiff] can still make judgments regarding simple work-related decisions. [Plaintiff] can respond appropriately to routine, usual work situations and deal with routine changes in a routine work setting. In the course of work, [Plaintiff] is to have no in-person contact with the public with the exception that incidental contact and telephonic contact is not precluded. [Plaintiff] is to have only occasional contact with coworkers and supervisors, occasional being defined as occasional interaction and coordination, but not necessarily proximity to the same.

Tr. at 1026.

The ALJ went on to find that the mental RFC "fully accounts for all of the reasonably related mental limitations as demonstrated by the objective

- 16 -

evidence of record even when extrapolated during the periods of no psychiatric treatment." Tr. at 1039. The ALJ indicated she "also considered the waxing and waning of [Plaintiff's] symptoms during the relevant period and [found] that [Plaintiff] generally had the ability to perform work as defined in the [RFC] finding <u>even when his symptoms were at their maximum as documented by Dr. Abraham and Dr. Visser</u>." Tr. at 1039 (emphasis added).

The ALJ's RFC findings on Plaintiff's mental limitations are not supported by substantial evidence for two reasons. First, the ALJ determined in the RFC that Plaintiff could have "incidental contact and telephonic contact" with the public and "occasional contact with coworkers and supervisors." Tr. at 1026. But, such contact is inconsistent with the degree of social limitation assigned by Dr. Visser and documented by Dr. Abraham. This contact that the ALJ permitted specifically belies: 1) the Appeals Council specifically pointing out Dr. Visser's finding that Plaintiff's "ability to socialize and to interact socially is definitely affected by his agitation and that would cause others to become defensive quickly," Tr. at 1224; 2) Dr. Visser finding in December 2007 that Plaintiff's "behavior is described as becoming unmanageable," Tr. at 220; and 3) Dr. Abraham documenting multiple times that Plaintiff was "constantly angry" and fighting with multiple landlords, Tr. at 181, 258. Second, the ALJ in the RFC indicated Plaintiff is capable of "understand[ing,] remember[ing], and carry[ing] out simple instructions," Tr.

at 1026, but Dr. Visser found Plaintiff had problems concentrating during simple tasks, Tr. at 188, and in one instance could not even remember one of three words after a few minutes, Tr. at 220. Accordingly, on key points in the mental RFC, the ALJ's finding that the RFC is consistent with the evidence— including objective findings of Dr. Visser and Dr. Abraham—is not supported. Reversal is required.

Plaintiff seeks an award of benefits given the tortured procedural history of this matter. Although generally cases are remanded to the Commissioner for further proceedings, it may be appropriate to remand only for an award of disability benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)). In other words, "where there is no need for the ALJ to take additional evidence, to complete the sequential evaluation, and where substantial evidence exists in the record to support a finding of disability, the Court may properly reverse and remand for an award of benefits." Richardson v. Apfel, 44 F. Supp. 2d 1264, 1268 (M.D. Fla. 1998) (citing Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996)) (footnotes omitted).

Here, resolving the errors requires further consideration and explanation by the ALJ. Although it is not likely that additional evidence is

needed in this closed period case, the evidence before the Court tends to demonstrate a worsening of Plaintiff's mental state during the relevant period under consideration. The Court hesitates to find, factually, whether and when Plaintiff became disabled prior to December 31, 2007. Those factual determinations are for the Administration in the first instance. Directing a total disability finding based on the record would be inappropriate. Remand is needed for additional administrative proceedings.

## V.  Conclusion

After due consideration, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider Plaintiff's mental RFC and the evidence of Plaintiff's mental limitations, including from Dr. Abraham and Dr. Visser;

(B)    If appropriate, address Plaintiff's other argument in this appeal; and

(C)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record